**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

UNITED STATES OF AMERICA

v. Case No. 5:18-cr-47-TPB-PRL

JASON EARL HILL,

Defendant.
_______________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Jason Earl Hill's motion for compassionate release, filed *pro se* on January 15, 2026. (Doc. 40). On February 6, 2026, the Government filed its response. (Doc. 43). On March 2, 2026, Defendant filed an unauthorized reply. (Doc. 45). After reviewing the motion, response, unauthorized reply, case file, and the record, the Court finds as follows:

On March 28, 2019, the Court (Judge James Whittemore) sentenced Defendant to 180 months' imprisonment after he pleaded guilty to bank robbery. Defendant is 60 years old and is currently incarcerated at Coleman Low Federal Correctional Institution, and he is projected to be released on February 27, 2030.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison. Specifically, Defendant relies on family circumstances, namely his mother's alleged incapacitation and Defendant's status as his family's only available caregiver. He also points to completed rehabilitation programming. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes

referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

As an initial matter, it appears that Defendant has not exhausted his administrative remedies. Defendant provided an email that he sent to the Warden on May 24, 2025, that reads: "please consider me for compassionate release 'where i can go take care of my mother." He never filed an administrative remedy, and so his motion is subject to denial for failure to exhaust administrative remedies.

Even if the Court were to consider the merits, after reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reason warranting a modification of his sentence.[1] Defendant provides a letter from

[1] In USSG § 1B1.13, the Sentencing Commission identifies circumstances that may constitute "extraordinary and compelling reasons" for compassionate release, including: (1) certain medical circumstances of the defendant, such as a terminal illness, a serious medical condition that substantially diminishes the defendant's ability to provide self-care, or a medical condition requiring long-term or specialized care that is not being provided; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or

Defendant's mother's doctor dated December 11, 2025, that indicates Defendant's mother needs a full-time caregiver, but neither the motion nor the letter explains who is caring for Defendant's mother now. A prior motion for compassionate release in 2024 also included a letter stating that Defendant's mother "has depended on the kindness of neighbors and a close friend," and there is nothing in either the instant motion or letter indicating why Defendant's mother cannot rely on the same support now. But in any event, the fact that Defendant's mother needs a caregiver is an insufficient reason to allow him to avoid serving his full sentence. Defendant robbed a bank. That is a very serious crime, and he should have thought about the consequences, including his mother's need for care, before choosing to rob a bank.

Defendant also claims rehabilitation. But rehabilitation alone is insufficient to establish an extraordinary and compelling reason for compassionate release. Moreover, although Defendant claims that he recently completed a rehabilitation program, the Court notes that he has received *at least nine disciplinary reports* while in BOP custody – these reports included refusing to obey an order, violating a condition of a community program, possessing a non-hazardous tool, tattooing or self-mutilation, possessing an unauthorized item, being in an unauthorized area, being insolent to a staff member, using drugs/alcohol, and possessing intoxicants. The Court also notes that he previously completed rehabilitation programming while in prison prior to committing the underlying offense.

---

mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment; (3) certain family circumstances; (4) the defendant was a victim of certain abuse while in custody; and (5) other circumstances, or a combination of circumstances, similar in gravity to those described above.

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable § 3553(a) factors weigh against granting compassionate release in this case. Defendant was convicted of a serious offense involving bank robbery. He has a lengthy criminal history including seven prior misdemeanor convictions and several prior felony convictions, *and four of his prior felony convictions were federal bank robbery convictions.* Prior lengthy prison sentences have failed to deter Defendant from committing new criminal acts – he served approximately 12 consecutive years in federal prison based on his previous bank robbery convictions, which was insufficient to deter Defendant from committing the bank robbery in this case. He has served less than 8 years of his 15-year sentence. Given the seriousness of Defendant's crime, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense.

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Ocala, Florida, this 20th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE